IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMMUNEX CORPORATION;<br>AMGEN MANUFACTURING, LIMITED;<br>and HOFFMANN-LA ROCHE INC.;<br><br>Plaintiffs,<br><br>v.<br><br>SANDOZ INC.; SANDOZ<br>INTERNATIONAL GMBH; and SANDOZ<br>GMBH;<br><br>Defendants. | Civil Action No.: 2:16-cv-01118-CCC-MF |

## FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION

**THIS MATTER** was brought by Plaintiffs, Immunex Corporation, Amgen Manufacturing, Limited (collectively, "Immunex"), and Hoffmann-La Roche Inc. ("Roche") (collectively, "Plaintiffs"), against Defendants, Sandoz Inc., Sandoz International GmbH, and Sandoz GmbH (collectively, "Defendants"). After a bench trial, the Court issued its Opinion and Order in the above-captioned case on August 9, 2019 (ECF No. 689, 690).

**It is ORDERED, ADJUDGED, and DECREED** as follows:

1. The Court has jurisdiction over the subject matter of the above-captioned case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. The Court has personal jurisdiction over the parties, and venue is proper as to all parties pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

3. The Court retains jurisdiction to enforce or supervise performance under this Final Judgment and Order of Permanent Injunction.

**I.   The Patents-In-Suit**

4. Sandoz Inc.'s submission of abbreviated Biologics License Application ("aBLA") No. 761042 infringed claims 11-12 and 35-36 of U.S. Patent No. 8,063,182 (the "'182 Patent").

5. Defendants' making, using, offering to sell, or selling of any product containing the fusion protein known as etanercept and described in the Court's opinion in this case at ECF No. 689 at 6 ("etanercept") within the United States, or Defendants' importation of any product containing etanercept into the United States, will infringe claims 11-12 and 35-36 of the '182 Patent.

6. For the reasons stated in the Court's August 9, 2019 Opinion (ECF No. 689), the Court finds that Defendants failed to prove that claims 11-12 and 35-36 of the '182 Patent are invalid or unenforceable.

7. Judgment is hereby entered against Defendants regarding infringement of the '182 Patent.

8. Any claim of infringement of any claims of the '182 Patent other than claims 11-12 and 35-36 is hereby dismissed with prejudice.

9. Sandoz Inc.'s submission of aBLA No. 761042 infringed claims 3, 8, and 10 of U.S. Patent No. 8,163,522 (the "'522 Patent").

10. Defendants' making, using, offering to sell, or selling of any product containing etanercept within the United States, or Defendants' importation of any product containing etanercept into the United States, will infringe claims 3, 8, and 10 of the '522 Patent.

11. For the reasons stated in the Court's August 9, 2019 Opinion (ECF No. 689), the Court finds that Defendants failed to prove that claims 3, 8, and 10 of the '522 Patent are invalid or unenforceable.

12. Judgment is hereby entered against Defendants regarding infringement of the '522 Patent.

13. Any claim of infringement of any claims of the '522 Patent other than claims 3, 8, and 10 is hereby dismissed with prejudice.

14. Based on the stipulation dated October 7, 2019, Defendants, and each of them, and each of their affiliates, subsidiaries, successors, and partners, and all of their officers, agents, servants, employees, and attorneys, and all persons and entities acting on behalf or at the direction of, or in active concert or participation or privity with any of them, are hereby enjoined from making, using, offering to sell, or selling within the United States, or importing into the United States any product containing etanercept. This paragraph does not restrict Defendants' activities that fall within the scope of 35 U.S.C. § 271(e)(1). This permanent injunction shall terminate no later than the later of the expiration of any infringed and valid claim of the '182 Patent on November 22, 2028 or any infringed and valid claim of the '522 Patent on April 24, 2029.

## II. Immunex Patents

15. Pursuant to the stipulation filed June 7, 2018 (ECF No. 510), any claim of infringement under 35 U.S.C. § 271(b) or 35 U.S.C. § 271(e)(2)(C) of any claim in U.S. Patent No. 7,915,225, U.S. Patent No. 8,119,605, or U.S. Patent No. 8,722,631 is hereby dismissed with prejudice. (ECF No. 1 ¶¶ 114-167.)

## III. Prior Preliminary Injunctions

16. Prior stipulated preliminary injunctions ECF Nos. 95, 96, and 509 are hereby terminated. Paragraph 5(b) of Confidential ECF No. 510 remains in effect until the issuance of a mandate from the Federal Circuit. Paragraph 8 of Confidential ECF No. 510 remains in effect until the conclusion of (or expiration of time to seek) review by the United States Supreme Court of the Federal Circuit's decision and shall terminate if any one of claims 11-12 and 35-36 of the '182 Patent or claims 3, 8, and 10 of the '522 Patent is not rendered invalid following the

conclusion of (or expiration of time to seek) such review. The remainder of Confidential ECF No. 510 is hereby terminated.

17. Pursuant to Fed. R. Civ. P. 58(a), this is the **FINAL JUDGMENT** of the Court.

SO ORDERED:

Dated: October 8, 2019

Hon. Claire C. Cecchi, U.S.D.J.