

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Marc D. Haefner
Direct Dial: (973) 757-1013
mhaefner@walsh.law

February 5, 2021

<u>*VIA ELECTRONIC FILING*</u>
William T. Walsh, Jr., Clerk
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      RE:    *Immunex Corporation, et al. v. Sandoz, Inc., et al.,*
               Civil Action No. 16-1118 (CCC/MF)

Dear Clerk's Office:

      This firm, together with Sidley Austin LLP, represents Plaintiffs, Immunex Corporation and Amgen Manufacturing, Limited ("collectively, "Immunex"), in connection with the above-referenced matter. We write in response to the unremarkable cases Sandoz submitted on February 1, 2021. DE No. 756. While deemed a supplement, these cases fail to supplement the caselaw in any meaningful sense. Rather, they simply reiterate that a party seeking costs should provide the Court with sufficient information to justify the request—a requirement that Immunex met in its motion.

      For example, on the issue of taxing deposition transcripts, Sandoz's newly submitted cases restate **Immunex's position** that "the depositions need not have been used at trial and must only 'appear reasonably necessary to the parties in light of a particular situation existing at the times they were taken.'" *Thabault v. Chait*, Civ. No. 85-2441, 2009 WL 69332, at *7 (D.N.J. Jan 7, 2009) (quoting *Datascope Corp. v. SMEC, Inc*., Civ. No. 81-3948, 1988 WL 98523, at *3 (D.N.J. Sept. 15, 1988)); *Lewis v. City of Chicago*, No. 04 C 6050, 2012 WL 6720411, at *5 (N.D. Ill. Dec. 21, 2012) ("[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court"). Also, the cases repeat that the costs of videotaping depositions and additional services are taxable if the prevailing party can provide "an explanation . . . of an independent use of the videotaped versions." *See* DE No. 756-1 at Ex. A p. 10. Of course, this is exactly what Immunex set out in its moving and reply papers. *See* Moving Brief, pp. 7-9 at DE No. 750-1, Reply Brief, pp.3-4 at DE No. 755, and Updated Itemization, pp. 2-7 at DE No. 755-2. Immunex, with citation to supporting authority, clearly explained the necessity of these services and removed Realtime, ASCII, shipping, video (if applicable), and synchronization from the costs request. *Id*.

William T. Walsh, Jr., Clerk
February 5, 2021
Page 2

    Additionally, the submitted cases confirm that a party is entitled to reimbursement for witnesses who are testifying or are present for purposes of testifying. In Sandoz's supplemental authority the Clerk stated, "[a] party may recover witness fees for days on which the witness attended the trial before actually testifying, but only if the witness was holding him/herself available to testify." *See* DE No. 756-2 at Ex. B (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (citing *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1552-53 (5th Cir. 1984)). Here, as set forth in the reply papers, the time in which these witnesses were required to stay in New Jersey was for actual testimony, potential testimony, presence to hear an opposing expert, or potential rebuttal testimony. As explained, the only alternative would have been traveling back and forth to their respective homes, some of which are in Europe, and in turn, incurring additional travel expenses well over the agreed upon *per diem* rate of $205.00. *See* Reply Brief, p. 7 at DE No. 755.

    Finally, Sandoz's submitted cases further confirm that, with sufficient explanation, the costs of courtroom technology are properly taxable because the costs fall under the "fees for exemplification" prong of § 1920(4). And indeed, this Court has held that "the hiring of a trial support team must be considered an ordinary litigation expense subject to taxation" for large and complex cases. *Ricoh Corp. v. Pitney Bowes Inc.*, No. CIV. 02-5639 (GEB), 2007 WL 1852553, at *3 (D.N.J. June 26, 2007) (Brown, J.) (cited in Allyn Z. Lite, *New Jersey Federal Practice Rules* (2020 ed.), comment 4 to L. Civ. R. 54.1). Here, of course, in the moving and reply briefs Immunex explained in detail why the trial support team was necessary in this matter. *See* Moving Brief, pp. 16-17 at DE No. 750-1 and Reply Brief, pp. 9-10 at DE No. 755. Thus, the fact that a different prevailing party in a different case failed to spell out its reasoning is of no moment.

    Thus, again, Sandoz's two submitted cases, far from either creating new law or providing a unique or helpful perspective on existing law, merely repeat legal propositions that are not in dispute, and then fault the prevailing parties in those cases for failing to provide sufficient support for their requests for costs. Here, in contrast, Immunex's positions are fully supported both on the facts and on the law. For the above reasons and those set forth in Immunex's moving and reply papers, Immunex respectfully requests that the Clerk enter an award in the amount of $368,382.46.[1] We thank the Court for its consideration of this submission and are available should the Court have any questions or require anything further.

                                                      Respectfully submitted,

                                                      *s/Marc D. Haefner*

                                                      Marc D. Haefner

cc:      All Counsel of Record (via ECF and email)

---

[1] Sandoz's point, made implicitly throughout its submission, that Immunex is not entitled to these costs because they are higher than costs requested in other cases is misplaced, as the statute and case law require even-handed administration without regard to the sum total sought.